BETZ v. CITY OF CANTON.

1. WORD "FRONT" DEFINED.

The word "front" as used in section 2264 of the Revised Statutes of Ohio, amended May 21, 1894 (91 O. L., 422), is not used in any technical sense but in its popular signification and meaning.

2. HOW FRONT OF A CORNER LOT IS TO BE DETERMINED.

The front of a corner lot in a city, improved by the erection of buildings thereon, will be determined by the manner in which the principal building or buildings are erected. Side entrances into the main building or entrances into subordinate buildings erected on the lot, will not determine its front.

ON appeal from the court of common pleas of Stark county.

POMERENE, J.

The petition states that on December 26, 1890, the city council of the city of Canton passed a resolution declaring it necessary to improve North Cherry street in said city, and that the expenses of the improvement be assessed per front foot on the property abutting thereon. In pursuance of the resolution, and on the second day of March, 1891, the city council passed an ordinance for the improvement of said street; the assessments therefor being made payable in six equal annual installments.

The improvement was made in pursuance of the resolution and ordinance, and after the same was completed and on January 18, 1892, the council passed an ordinance assessing $5.21 27-100 on each front foot of the lots abounding and abutting on both sides of North Cherry street. This ordinance is in the language of the statute.

The petition further states that the plaintiff's lot (which is number 87 on the plat) has a frontage on East Tuscarawas street, of 66⅔ feet, and lies abutting on North Cherry street, on the improvement, a distance of 200 feet, and that the council has levied $1043.25 on said lot number 87, for said improvement, which would be $5.21 27-100 per foot for the two hundred feet abutting on the improvement, instead of $5.21 27-100 per front foot of the lot, abutting on the improvement.

The plaintiff claims to have paid on the assessment $347.75, the full amount for which the plaintiff is liable, at the rate of $5.21 27-100 per front foot, and asks that the defendant be enjoined from collecting any further assessment and that the levy in excess of the $347.75 be declared null and void.

The defendant's answer admits much of the petition and denies some of the averments, and says that at the time the improvements were made and at the time the ordinance of assessment was passed, the plaintiff's lot had been and is now improved by the erection of buildings which consisted of two store rooms and a dwelling, and a part of which buildings consisting of a large livery stable, together with other buildings fronting upon Cherry street; and that both Cherry street and Tuscarawas street are used as a means of ingress to and egress from said buildings; and that said lot has, in fact, two fronts.

There is but little controversy between the parties as to the facts in this case, and it might well have been submitted to the court upon an agreed statement of facts. It is conceded that the lot in controversy (being lot number 87) as originally laid out, built upon, used and occupied, was in reference to a frontage on East Tuscarawas street.

There are two houses built on this lot fronting on East Tuscarawas street, with two store rooms therein, there being an entrance from Tuscarawas street to the dwelling built in the rear of the store rooms.

To this dwelling built in the rear of the store rooms, there is a side entrance from Cherry street into the kitchen of the dwelling house. In the rear of these buildings there is a livery barn used for horses and carriages. The only entrance into this livery barn is from North Cherry street.

It is a fact conceded in this case that this lot has a frontage on East Tuscarawas street, of 66⅔ feet; and if it be the law that a corner lot can have but one front, then the prayer of the petition should be granted and the injunction made perpetual.

Counsel for plaintiff contend that a corner lot can have but one front and

that our supreme court has so decided in the case of *Haviland et al.* v. *City of Columbus*, 50 O. S., 471.

Counsel for defendant contend that a corner lot may have two fronts, and in support of this contention, cites the same authority.

The court in the Haviland case lays down this rule: "In assessing cost of a street improvement on abutting property by the front foot, regard must be had to what is the real front of the property. This is a question of fact to be determined by the manner in which it was laid out, or in which it has been built upon and used and occupied by the owner."

The question to be determined here is "what is the real front of this lot." It was originally laid out with a frontage on East Tuscarawas street of 66⅔ feet, the whole frontage being built upon and so used and occupied by the owner.

It is true that in the rear of these buildings an addition was built with a side entrance on Cherry street to the kitchen, which is a part of the main building used as a residence, and that north of these buildings is a livery barn, the only entrance thereto being from North Cherry street.

Can it be said because of an entrance into the kitchen or barn from Cherry street, or on account of both, that this property has a "real front" on Cherry street? We think not. We do not undertake to say that a corner lot may not be so built upon, used and occupied by the owner as not to have two fronts within the meaning of the statute; but we do say that a side entrance into some rear part of the main building, or the erection of a stable or barn, or any other so called out building, will not determine the "real front" of a corner lot.

We think the legislature used the words "front foot" in the ordinary popular signification, and that in this case the front of a lot is determined by the architectural construction of the main buildings, their use and occupancy, and not by the entrance into subordinate or out buildings.

Decree for plaintiff as prayed for in her petition.

*Myers & Frease*, for Plaintiff.

*P. J. Collins*, City Solicitor, for Defendant.